IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, ) HONORABLE DENISE PAGE HOOD
)
Plaintiff, )
) CASE NO. 02-72955
v. )
) COMPLAINT
FIRST LINE FOOD SERVICE, INC. ) AND JURY TRIAL DEMAND
)
) MAGISTRATE JUDGE VIRGINIA M. MORGAN
Defendant. )
)
_____)

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to make whole Gerald Cooper ("Cooper").

The Equal Employment Opportunity Commission alleges that Defendant, First Line Food Service, violated the Americans with Disabilities Act by treating Gerald Cooper differently, failing to reasonably accommodate him, and discharging Cooper, a qualified individual with a disability, from its Detroit, Michigan facility because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the

1

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. Section 1981(A).

2. The employment practices hereafter alleged to be unlawful were committed in the Eastern District of Michigan, Southern Division.

## PARTIES

3. The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant was doing business in the State of Michigan and the City of Detroit, and continuously had at least fifteen employees.

5. At all relevant times, Defendant was continuously engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days before the institution of this lawsuit, Cooper filed a charge with the Commission alleging violations of Title I of the ADA by Defendant First

Line Food Service. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Beginning in September 2000, Defendant engaged in unlawful employment practices in violation of the ADA Sections 102(a), 102(b)(5)(A) and 102(b)(5)(B), 42 U.S.C. §§ 12112(a), 12112(b)(5)(A) and 12112(b)(5)(B), at its Detroit, Michigan facility. The Defendant's practices include, but are not limited to, failing to reasonably accommodate Cooper's impairment, refusing to provide Cooper with available reasonable accommodations, engaging in discriminatory conduct toward him because of his disability, and unlawfully terminating Cooper's employment.

9. Cooper is a qualified individual with a disability who was able to perform the essential functions of his position with or without reasonable accommodation.

10. The effect of the unlawful employment practices complained of in paragraph 8 has been to deprive Cooper of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability.

11. The above-mentioned, unlawful employment practices were intentional.

12. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Cooper.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any unlawful employment practice which discriminates on the basis of disability;

B. Order the Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order the Defendant Employer to provide training to its management employees regarding disability discrimination and the ADA's requirement to provide a reasonable accommodation to disabled employees;

D. Order the Defendant Employer to make whole Cooper by providing him with appropriate lost earnings and benefits, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Order Defendant Employer to make whole Cooper by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8 above in amounts to be proven at trial.

F. Order Defendant Employer to pay Cooper punitive damages for the malicious or reckless conduct described in paragraph 8 above, in amounts to be proven at trial.

G. Grant the Commission its costs in this action; and

H. GRANT such further relief as the Court deems necessary and proper.

[Signature page follows]

Respectfully submitted,

Nicholas Inzeo
Acting General Counsel

Date: July 19, 2002

*Adele Rapport*

ADELE RAPPORT
Regional Attorney

STANLEY H. PITTS ✓
Supervisory Trial Attorney

KRYSTAL M. GARDNER ✓
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Detroit District Office
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-6701